86 F.3d 1167
 132 Lab.Cas. P 58,126
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Emma TOVAR, Plaintiff-Appellant,
and
Arnoldo ORTEGA, Plaintiff,
v.
IBP, INC., Defendant-Appellee.
 Nos. 94-3263, 94-3384.
 United States Court of Appeals, Tenth Circuit.
 May 29, 1996.
 
 Before SEYMOUR, PORFILIO, and ANDERSON, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 Emma Tovar appeals from a summary judgment and resulting dismissal of her retaliatory discharge action against IBP, Inc. She contends that the district court erred by applying a clear and convincing evidence standard of proof, and that genuine issues of material fact preclude summary judgment. Both in her briefs on appeal and in oral argument by counsel, Ms. Tovar stresses that the focus should be on the motives and intent of IBP, not on her actions or inaction.
 
 
 3
 In Ortega v. IBP, Inc., 255 Kan. 513, 528, 874 P.2d 1188 (1994), the Kansas Supreme Court, responding to a certified question regarding the burden of proof in a retaliation case, stated:
 
 
 4
 A party having the burden of proving a discharge from employment in retaliation for having filed a workers compensation claim must establish that claim by a preponderance of the evidence, but the evidence must be clear and convincing in nature. It is clear if it is certain, unambiguous, and plain to the understanding. It is convincing if it is reasonable and persuasive enough to cause the trier of facts to believe it.
 
 
 5
 While the outer perimeter of this standard may be elusive, the district court was easily within it in this case. See Memorandum and Order dated June 30, 1994, pp. 13-14.
 
 
 6
 We have considered the record and the arguments of counsel and conclude that the district court did not err. We AFFIRM the district court substantially for the reasons set out in its thorough Memorandum and Order of June 30, 1994.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3